In The United States Bankruptcy Court
For The District Of Kansas

IN RE:                                    )
                                          )
Charles David Cunningham                  )          Case Number: 12-20662
Charity Lynn Cunningham                   )
                        Debtors           )


**MOTION FOR ORDER DETERMINING THAT CERTAIN PERSONAL
PROPERTY OWNED BY THE DEBTOR IS NOT SUBJECT
TO ANY SECURITY INTEREST, OR, IN THE ALTERNATIVE,
GRANTING DEBTORS' REQUEST TO REDEEM PROPERTY**


COME NOW THE DEBTORS, Charles D. Cunningham and Charity L. Cunningham, by Patrick E. Henderson of Henderson Law Office, and move this court to enter an order determining that certain personal property owned by the debtor is not subject to a security interest by HSBC Bank Nevada, N.A., or, in the alternative, granting Debtors' request to redeem property pursuant to 11 U.S.C. § 722 on the following grounds:

1.      The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on March 13, 2012.

2.      This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334; 11 U.S.C. § 722 and Fed. R. Bankr. P. 6008.

3.      The debtors own two ipods, a camera, and a computer, (hereafter "property"), having purchased the same from Best Buy using a HSBC Bank Nevada, N.A. credit account.  This purchase was a consumer transaction involving the purchase of consumer goods.

4.      HSBC Bank Nevada, N.A.  has claimed to hold a purchase-money security interest in the property.

5.      Under Kansas law, certain and specified conditions must be met before a security interest attaches to property.  K.S.A. 84-9-203 (b)(3) includes a list of four possible ways in which a security interest can attach, namely (A) the Debtor has authenticated a security agreement that provides a description of the collateral; (B) the collateral is in the possession of the secured party; (C) the collateral is a certificated security; or (D) the collateral is of certain types (which do not include consumer goods) and the secured party has control.   At the outset it should be noted that B, C, and D clearly do not apply to the transaction at issue here.  Similarly, according to the documents examined by counsel, there is no written document that contains a

description of the collateral in the security agreement. There is an application which states that "You grant the Bank a purchase money security interest in the goods purchased on your Account." There is not, however, any documentation showing any description of the goods actually purchased by Debtors.

6.      K.S.A. 84-9-108(a) provides that "a description of personal or real property is sufficient, whether or not it is specific, if it reasonably identifies what is described." This broad statement, however, is tempered by K.S.A. 84-9-108(e)(2), which makes clear that in a consumer transaction a "description only by type of collateral . . . is an insufficient description of . . . consumer goods . . ."

7.      Accordingly, Debtors believe that the alleged security interest did not attach to any collateral, and must be deemed unsecured.

8.      In the alternative, Debtors show the Court that the property constitutes tangible, personal property intended primarily for personal, family, or household use. The Property has been claimed as exempt by the debtors. If the Court finds that a security interest did attach to the property, then the property is encumbered by a purchase money lien securing a dischargeable consumer debt held by HSBC Bank Nevada, N.A. . The amount of the debt is believed to be $1,556.49.

9.      Debtor is informed and believes that the property has a value of less than $130.00.

10.     Debtors are informed and believe that the allowed amount of HSBC Bank Nevada, N.A.'s claim secured by a lien on the property is $130.00, and the debtor requests that the property be redeemed by the debtor paying that amount to creditor.

WHEREFORE, the debtors respectfully request that the Court enter an Order determining that certain personal property owned by the debtors is not subject to a security interest, or, in the alternative, granting Debtors' request for an order pursuant to 11 U.S.C. § 722 allowing debtors to redeem the property described above on the payment of the amount set forth above, and for such other and further relief as to the Court seems just in the premises.

HENDERSON LAW OFFICE
ATTORNEY FOR DEBTORS
627 COMMERCIAL; P.O. BOX 349
ATCHISON, KANSAS 66002-0349
TELEPHONE: (913) 367-1912


BY:_s/Patrick E. Henderson_____
      PATRICK E. HENDERSON
      KS. BAR NO. 16234

## NOTICE OF SERVICE OF
## DEBTORS' MOTION TO REDEEM PROPERTY

Creditors are hereby notified of the MOTION FOR ORDER DETERMINING THAT CERTAIN PERSONAL PROPERTY OWNED BY THE DEBTOR IS NOT SUBJECT TO ANY SECURITY INTEREST, OR, IN THE ALTERNATIVE, GRANTING DEBTORS' REQUEST TO REDEEM PROPERTY proposed by the Debtor. Creditors are given until June 13, 2012, to file written objection thereto. If no objection is filed, the Motion will be sustained. If a timely objection is filed, a non-evidentiary hearing will be held before the United States Bankruptcy Court, US Courthouse, Courtroom 144, 500 State Avenue, Kansas City, Kansas on June 20, 2012 at 9:30 am.

By_s/Patrick E. Henderson_____
Patrick E. Henderson
Ks. Bar No. 16234


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of May, 2012, I electronically filed this document with the Clerk of the Bankruptcy Court using the CM/ECF system which will send a notice of electronic filing to the following: Ashley Osborn, Eric C. Rajala and U.S. Trustee. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Bass & Associates, 3936 E. Fort Lowell Rd, Ste 200, Tucson, AZ 85712-1083

HSBC, PO BOX 5226, Carol Stream, IL 60197-5226

HSBC Retail Services, PO BOX 49353, San Jose, CA 95161-9353

Charles and Charity Cunningham, 1821 S. Broadway Street, Leavenworth, KS 66048.


By:_s/Patrick E. Henderson_____
Patrick E. Henderson