IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| | |
|---|---|
| In re: | Case No.: 12-20662 |
| CHARLES DAVID CUNNINGHAM, | Chapter 7 |
| CHARITY LYNN CUNNINGHAM, | |
| Debtors | |

### BRIEF IN OPPOSITION TO MOTION FOR ORDER DETERMINING THAT CERTAIN PERSONAL PROPERTY OWNED BY DEBTORS IS NOT SUBJECT TO ANY SECURITY INTEREST

Capital One, N.A, a secured creditor, by counsel files the following response to debtors Charles David Cunningham and Charity Lynn Cunningham's (herein "Debtors") Motion and states as follows:

Debtors have filed the present Motion and their brief in support. Capital One, N.A. (herein "Secured Creditor") vigorously opposes the assertions contained in Debtors' Motion and brief, and will show that in fact, it does hold a purchase money security interest in consumer goods on certain personal property of the Debtors.

### Additional Factual Background:

The Secured Creditor agrees with most of the factual statements made in Debtors' brief. However, additional information is required in order to counter the assertion made in their paragraph 3. The account that is the subject of this motion was purchased by Secured Creditor from HSBC Bank Nevada, N.A. on May 1, 2012 as part of a general purchase of most of HSBC's then existing credit card portfolio. As evidence of that transfer, the parties to the transaction signed a Bill of Sale. A copy of that Bill of Sale is

1

attached to this opposition as Exhibit A and made a part hereof. Additionally, as they are relevant to the arguments contained herein and for the Court's convenience, copies of the sales tickets for the collateral referred to in paragraphs 1 and 5 of Debtors' factual statement are attached as Exhibit B; a copy of the Application referred to in Debtors' factual statement is attached as Exhibit C; and a copy of the Cardholder Agreement governing Debtors' account is attached as Exhibit D.

## ARGUMENT

### I. THE SECURED CREDITOR HAS A VALID SECURITY INTEREST IN THE COLLATERAL HELD BY THE DEBTORS.

The crux of Debtors' argument is that the documents creating the security interest contain a description of the collateral that is inadequate to satisfy K.S.A. §84-9-203(b). However, the Debtors are not looking to the correct documents in identifying that description. In broad terms, a security agreement is defined by a grant of a security interest coupled with a description of the collateral, but nowhere does it require that both prongs of that definition be contained on the same document. The Debtors do acknowledge that the Secured Creditor has satisfied K.S.A. §84-9-203(b)(1) and (2), and apparently also acknowledge that the Secured Creditor has satisfied the first prong of the security agreement requirements contained in the first clause of K.S.A. §84-9-203(b)(3)(A) (i.e., that the Debtors have "authenticated a security agreement."[1])

---

[1] Exhibit C is the application signed by Debtor, which states, "you grant the Bank a purchase money security interest in the goods purchased on your Account." Furthermore, the application states in that same section that the cardholder, here the Debtors, agree to the terms and conditions of the Cardholder Agreement (attached as Exhibit D is the Cardholder Agreement). It states in paragraph 17 of the Cardholder Agreement entitled "Security," "you grant us a purchase money security interest in the goods purchased with your Card.". Therefore, clearly the requisite language for Debtors to grant Secured Creditor a purchase money security interest exists.

2

However, Debtors misread the description of the goods as being the language granting the security interest in "All of the goods purchased on the account." That phrase is not a description only by type of collateral, but reasonably identifies the collateral to which the security interest will attach and points to the location(s) of the detailed descriptions. While Kansas law requires a writing containing a description of the collateral, Kansas law does not require that all of the requisites of a security agreement be contained in one document. *Baldwin v. Hays Asphalt Const., Inc.*, 893 P.2d 275, 279 (Kan. App. 1995). See also *In re Coones*, 954 F.2d 596, 16 U.C.C. Rep. Serv.2d 880 (10th Cir.1992), rev'd on other grounds sub nom. *Coones v. FDIC*, 506 U.S. 802, 113 S.Ct. 31, 121 L.Ed.2d 4 (1992) ("A security agreement need not be evidenced by a single document, but may be established through consideration of two or more written documents." Id. at 600). The descriptions of the collateral are found on the sales tickets that are attached as Exhibit B. The Debtors do not and cannot argue that those descriptions are incomplete or inadequate, and it is clear from Debtors' authenticated security grant that there was an intent that a security agreement be given. So to summarize, the complete security agreement consists of the grant of the security agreement that is authenticated by the debtors on the application and in the Cardholder Agreement, and the description of the collateral that appears on the sales tickets. Together, those documents satisfy the requirements of K.S.A. §84-9-203(b), and the Secured Creditor does have a valid security interest in the claimed collateral.

WHEREFORE, secured creditor Capital One, N.A. respectfully requests that Debtors' Motion be Denied and requests that this honorable Court grant it all other relief it deems just and proper.

Respectfully submitted,

3

BERMAN & RABIN, P.A.

s/Michael H. Berman
_____
Michael H. Berman  #11567
15280 Metcalf Avenue
Overland Park, KS  66223
Tel: (913) 649-1555    Fax: (913) 652-9474
mberman@bermanrabin.com
Attorneys for Plaintiff

## CERTIFICATE OF MAILING

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the court's Electronic Court Filing (ECF) System and conventionally, via first class mail, postage prepaid, to those below who have requested notice but are not participating in the ECF System, on the date entered on the court's docket.

s/Michael H. Berman
_____
Michael H. Berman